UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY BRITTINGHAM, | : |
| Plaintiff, | : CIVIL ACTION |
| vs. | : |
| | : No.: 17-cv- |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | : |
| Defendant. | : |

The Plaintiff, KIMBERLY BRITTINGHAM ("BRITTINGHAM"), by and through the undersigned counsel, hereby sues the Defendant, Life Insurance Company of North America ("CIGNA") and alleges:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. BRITTINGHAM was at all times relevant a plan participant under the Fresenius Medical Care Holding, Inc. Group Plan; Short-term Disability Group Policy

Number VDT-980045 (the "Plan") (See Exhibit "A").

3. Defendant, CIGNA, is a Corporation with its principal place of business in the Commonwealth of Pennsylvania.

4. CIGNA is the insurer of benefits under the Plan and acted in the capacity of a claims administrator. As the decision maker and payor of plan benefits, CIGNA administered the claim with a conflict of interest and the bias this created affected the claims determination.

5. The Plan is an employee welfare benefit plan regulated by ERISA, established for employees of Fresenius Medical Care, under which BRITTINGHAM was a participant, and pursuant to which BRITTINGHAM is entitled to short-term disability benefits. Pursuant to the terms and conditions of the Plan, BRITTINGHAM is entitled to disability benefits for the duration of the Plaintiff's short-term disability, and eligibility and standing to transition to long-term disability benefits as BRITTINGHAM remains disabled as required under the terms and conditions of the long-term plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that CIGNA is domiciled and licensed to transact business within the Commonwealth of Pennsylvania.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

7. BRITTINGHAM incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, BRITTINGHAM was an employee or former employee of Fresenius Medical Care, and a plan participant under the terms and conditions of the Plan.

2

9. During the course of BRITTINGHAM's employment, BRITTINGHAM became entitled to benefits under the terms and conditions of the Plan. Specifically, while BRITTINGHAM was covered under the Plan she suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering her disabled as defined under the terms of the Plan.

10. As it relates to BRITTINGHAM's current claim for benefits, the long-term disability coverage portion of the Plan defines disability as:

> *The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
> *1. unable to perform the material duties of his or her Regular Occupation; and*
> *2. unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation. The Insurance Company will require proof of earnings and continued Disability.*

11. Due to restrictions and limitations arising from a physical "sickness", resulting in "disability" from her *heavy-duty* occupation as a Registered Nurse, BRITTINGHAM made a claim to CIGNA for benefits under the Plan beginning on January 4, 2017.

12. On or about April 14, 2017, CIGNA notified BRITTINGHAM that it was terminating her claim short-term disability benefits, as of March 28, 2017.

13. Following a timely appeal, on or about June 23, 2017, CIGNA affirmed its adverse determination and upheld its decision to deny BRITTINGHAM's short-term disability benefits beyond March 28, 2017.

14. Following a second timely appeal, on or about November 2, 2017, CIGNA reaffirmed its adverse determination and upheld its decision to deny BRITTINGHAM's short-term disability benefits, beyond March 28, 2017.

15. The STD Plan offered either a voluntary third appeal to Cigna's Appeal Review Unit or the right to file suit under ERISA Sec. 502(a).

16. BRITTINGHAM has fully complied with filing all mandatory

3

administrative appeals required under the Plan, and exercised the first and second levels appeal of her short-term disability claim.

17. CIGNA breached the Plan and violated ERISA in the following respects:

    a. Failing to pay short-term disability benefits to BRITTINGHAM at a time when CIGNA and the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as BRITTINGHAM was disabled and unable to work and therefore entitled to benefits.

    b. After BRITTINGHAM's claim was denied in whole or in part, CIGNA failed to adequately describe to BRITTINGHAM any additional material or information necessary for BRITTINGHAM to perfect her claim along with an explanation of why such material is or was necessary.

    c. CIGNA failed to properly and adequately investigate the merits of BRITTINGHAM's disability claim and failed to provide a full and fair review of BRITTINGHAM's claims.

    d. CIGNA denied BRITTINGHAM the standing to transition her claim for long-term disability benefits for which she is properly eligible and entitled to receive.

18. BRITTINGHAM believes and alleges that CIGNA wrongfully terminated claim for short-term disability benefits under the Plan, by other acts or omissions of which BRITTINGHAM is presently unaware, but which may be discovered in this future litigation and which BRITTINGHAM will immediately make CIGNA aware of once said acts or omissions are discovered by BRITTINGHAM.

19. As a proximate result of the aforementioned wrongful conduct of CIGNA under the Plan, BRITTINGHAM has damages for loss of disability benefits which as a

result of BRITTINGHAM lacking standing to transition to long-term benefits, continues through the present and is anticipated to continue into the foreseeable future.

20. As a further direct and proximate result of this improper determination regarding BRITTINGHAM's claim for benefits, BRITTINGHAM, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), BRITTINGHAM is entitled to have such fees and costs paid by CIGNA.

21. The wrongful conduct of CIGNA has created uncertainty where none should exist; therefore, BRITTINGHAM is entitled to enforce his rights under the terms of the Plan and to clarify his right to future benefits under the Plan.

## REQUEST FOR RELIEF

WHEREFORE, KIMBERLY BRITTINGHAM prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of short-term disability benefits due Plaintiff for the duration of the policy.

2. Transition Plaintiff's claim to long-term benefits.

3. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to be paid under the Plan for the duration of claim, with a transition to long-term benefits for so long as Plaintiff remains disabled under the terms of the Plan;

4. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

5. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees

incurred in pursuing this action;

6. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

7. Such other and further relief as this Court deems just and proper.

                Respectfully Submitted,

                ROSEN, MOSS, SNYDER & BLEEFELD, LLP

                _____
                Marc H. Snyder, Esquire
                Kellyanne Inservo, Esquire
                Attorneys for Plaintiff,
                Kimberly Brittingham